**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HAMID RABIEE,<br><br>        Petitioner,<br><br>   v.<br><br>SHASTA COUNTY CORRECTIONAL FACILITY,<br><br>        Respondent. | No. 2:20-CV-0813-TLN-DMC-P<br><br>ORDER |

Petitioner, an inmate in county custody proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254.

Petitioner initiated this action with a form petition for a writ of habeas corpus. See ECF No. 1. In the original filing, Petitioner states that he is a pre-trial detainee at the Shasta County Jail. See id. at 2. Petitioner outlines two grounds for relief. First, Petitioner asserts that jail officials have imposed illegal restraints on his ability to represent himself pro se in his underlying criminal action. See id. at 3. Second, Petitioner claims that jail officials have used excessive force against him. See id. at 4.

/ / /

/ / /

/ / /

1

Since filing his original petition, Petitioner has separately filed supporting exhibits, see ECF No. 9, a first and second amended petition, see ECF Nos. 10 and 11, as well as a "supplement," see ECF No. 12.  Neither the first nor second amended petitions are presented on a court-approved form.  While Petitioner's more recent filings are less clear than his initial filing, it appears Petitioner continues to raise the same two claims.  Further, Federal Rule of Civil Procedure 15 allows amendment once as of right.  Thus, Petitioner's first amended petition may be deemed properly filed as of right, Petitioner's second amended petition and "supplement" were filed without leave of court and, therefore, were improperly filed to the extent they seek to amend the original or first amended petitions.

Under Eastern District of California Local Rule 220, pleadings must be complete in and of themselves without the need to reference prior pleadings.  On the current record, it is entirely unclear which pleading Petitioner intends to be the operative pleading.  In this regard, the Court notes that Petitioner's initial petition is far clearer in terms of the claims presented than any of Petitioner's subsequent filings.  Petitioner will be required to file a single operative petition which states all claims for relief and supporting facts.

In filing an amended petition, Petitioner should bear in mind the following general principles.  First, relief under 28 U.S.C. § 2254 is typically only available to individuals who are in custody pursuant to a state court judgment of conviction.  See 28 U.S.C. § 2254(a).  To the extent Petitioner remains a pre-trial detainee, he is not in custody pursuant to a state court conviction and may be able to pursue relief in the state trial court where his criminal case is pending.  Second, to the extent Petitioner asserts claims related to the conditions of his confinement at the Shasta County Jail, such claims are not cognizable under § 2254.  When a state prisoner challenges the legality of his custody – either the fact of confinement or the duration of confinement – and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Where a prisoner challenges the conditions of confinement, as opposed to the

fact or duration of confinement, his remedy lies in a civil rights action under 42 U.S.C. § 1983. See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985); see also Skinner v. Switzer, 131 S.Ct. 1289, 1298-99 n.13 (2011) (stating that ". . .when a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus' and may be brought, if at all, under § 1983").   Any claim that does not necessarily shorten an inmate's incarceration, if successful, falls outside the scope of habeas jurisdiction. See Blair v. Martel, 645 F.3d 1151, 1157-58 (9th Cir. 2011).  Thus, 28 U.S.C. § 2254 cannot be used to challenge the conditions of confinement, and 42 U.S.C. § 1983 cannot be used to challenge the fact or duration of confinement.

          Accordingly, IT IS HEREBY ORDERED that:

          1. Petitioner's original, first, and second amended petitions, and supplement thereto, are dismissed with leave to amend;

          2. Petitioner shall file an amended petition within 30 days of the date of this order on the form provided; and

          3. The Clerk of the Court is directed to serve on Petitioner this Court's form habeas corpus petition.

Dated:  August 6, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE